1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRELL WHITFIELD,

           Petitioner,

    v.

GARY SWARTHOUT,

           Respondent.

Case No. 13-cv-03267-RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions.  Respondent moves to dismiss as untimely the petition for such relief.  (Docket No. 19.)  Petitioner has not filed any response to the motion.  For the reasons discussed herein, respondent's motion is GRANTED.  The petition is DISMISSED.

## DISCUSSION

**A.     Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was

United States District Court
Northern District of California

1    newly recognized by the Supreme Court and made retroactive to cases on collateral

2    review; or (4) the factual predicate of the claim could have been discovered through the

3    exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1).  "[W]hen a petitioner fails to seek a

4    writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations

5    period begins to run on the date the ninety-day period defined by Supreme Court Rule 13

6    expires."  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

7          Relief from this one year deadline is available in the form of statutory and equitable

8    tolling.  For purposes of statutory tolling, the time during which a properly filed

9    application for state post-conviction or other collateral review is pending is excluded from

10   the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(2).

11         A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been

12   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

13   way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting

14   *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.

15   1999) ("When external forces, rather than a petitioner's lack of diligence, account for the

16   failure to file a timely claim, equitable tolling of the statute of limitations may be

17   appropriate.")  Equitable tolling is not granted as a matter of course.  In fact, it is

18   "unavailable in most cases."  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)

19   (quoting *Miles*, 187 F.3d at 1107).  "[T]he threshold necessary to trigger equitable tolling

20   [under AEDPA] is very high, lest the exceptions swallow the rule."  *Id.*  (citation omitted).

21   **B.**    **Timeliness of the Petition**

22         In 2010, petitioner was convicted in state court of second degree robbery.  In 2011,

23   he was sentenced to 13 years in state prison for that conviction.  (Mot. to Dismiss

24   ("MTD"), Ex. 1 at 5.).  On March 29, 2012, the state appellate court affirmed his

25   conviction.  On June 13, 2012, the state supreme court denied his petition for review.  On

26   September 11, 2012, his conviction became final because the 90 days in which he could

27   have filed a petition for certiorari in the U.S. Supreme Court had passed.  At that point,

28
                                  ORDER OF DISMISSAL
                               CASE No. 13-cv-03267-RS

1   petitioner had one year, that is, until September 12, 2013, to file a timely federal habeas

2   petition.  The petition he filed on June 14, 2013,[1] nearly two months before the deadline,

3   was timely.

4       The action was dismissed on August 15, 2013, however, because petitioner failed to

5   pay the filing fee or file an application to proceed *in forma pauperis* ("IFP").  On

6   September 25, petitioner filed a motion to reopen and an amended petition.  On October

7   10, the Court denied the motion because the petition was not signed.  After two years of

8   silence, petitioner filed a signed amended petition and an IFP application on December 4,

9   2015.  On December 14, the Court reopened the action, denied the IFP application, and

10  directed the petitioner to pay the filing fee.  On January 21, 2016, the Court dismissed the

11  action because petitioner failed to pay the filing fee by the deadline.  On February 2, the

12  Court reopened the action at the request of petitioner, and set a new payment deadline.

13  Petitioner timely paid the filing fee and the Court issued an order to show cause to

14  respondent, who filed the present motion to dismiss.

15      The petition will be dismissed as untimely.  There was no operative petition from

16  October 2013 to December 2015.  During that time, the federal limitations clock started

17  ticking.  By December 2015, the federal filing deadline had passed.

18      Tolling will not save the petition.  Statutory tolling is not available.  Such tolling is

19  available for the time during which an application for state post-conviction or other

20  collateral review is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  Because

21  petitioner filed no such application, there is no tolling period to consider.  The Court notes

22  that federal petitions, such as the ones filed and dismissed during this action, do not qualify

23  as applications for state post-conviction or other collateral review, and therefore they

24

25  ───────────────

26  [1] Petitioner is entitled to this filing date, rather than the July 15, 2013 date listed in the
    docket.  The Court assumes that he put the petition in the prison mail the day he signed it

27  (June 14, 2013) and will use that as the filing date under the prisoner mailbox rule.  *See
    generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

28

United States District Court
Northern District of California

1    cannot toll the statutory period.  *Id.*

2          Equitable tolling will not save the petition.  First, petitioner filed no response to the

3    motion to dismiss.  Therefore, he has failed to show he is entitled to equitable tolling.

4    Second, while the Court might grant equitable tolling for the short gaps in between case

5    dismissals and reopenings, there is no present reason to grant it for the lengthy,

6    unexplained two-year gap between October 2013 and December 2015.  In that time,

7    petitioner filed nothing and did not communicate with the Court.  The petition will be

8    dismissed.

9                                  **CONCLUSION**

10          For the reasons stated above, respondent's motion to dismiss the petition as

11    untimely (Docket No. 19) is GRANTED.  The petition is DISMISSED.

12          A certificate of appealability will not issue.  Petitioner has not shown "that jurists of

13    reason would find it debatable whether the petition states a valid claim of the denial of a

14    constitutional right and that jurists of reason would find it debatable whether the district

15    court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

16    The Clerk shall terminate Docket No. 19, enter judgment in favor of respondent, and close

17    the file.

18          **IT IS SO ORDERED.**

19    **Dated:**  November  18 , 2016

20                                              _____
                                                RICHARD SEEBORG
21                                              United States District Judge

22

23

24

25

26

27

28                                                          ORDER OF DISMISSAL
                                                            CASE NO. 13-cv-03267-RS

*United States District Court*
*Northern District of California*

4